IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                Plaintiff,

v.                                                   ORDER

LEBBEUS BROWN, HEIDI BLOYER,              17-cv-764-jdp
JULIE BULMANN, and ZACHARY BERGER,

                Defendants.

---

Pro se plaintiff Glenn T. Turner is proceeding to trial on October 7, 2019, with First and Eighth Amendment claims against prison officials at Wisconsin Secure Program Facility. (It is likely that the trial will be moved to the following week to accommodate the court's calendar. If the trial is moved, jury selection will begin on Tuesday, October 15. The parties will be notified as soon as the court determines whether the trial will have to be moved.) Before the court are Turner's motion to compel, Dkt. 69, and several requests for writs of habeas corpus ad testificandum for inmate witnesses. Dkt. 76, Dkt. 78, and Dkt. 81.

In his motion to compel, Turner says that he would like to contact former-DOC employees Beth Edge and Jolinda Waterman, so that he may ask them whether they will testify voluntarily on his behalf. Turner asks that defendants be compelled to provide contact information for Edge and Waterman. Defendants have responded that for security reasons, DOC does not release personal contact information of current or former DOC employees to inmates. Defendants do not say whether Edge or Waterman would agree to testify voluntarily in this case. But defendants' counsel have agreed to accept service, by mail, of any subpoenas for Edge or Waterman that are issued in this case. Counsel states that they will ensure that Edge and Waterman are notified of any subpoenas that Turner serves.

Defendants' security concerns are reasonable. I will not require DOC to release Edge's or Waterman's personal contact information to Turner. Turner may send letters to defendants' counsel asking Edge and Waterman whether they will testify voluntarily on his behalf. I will direct defendants' counsel to forward any such requests by Turner to Edge and Waterman. But it will be up to Edge and Waterman whether they respond to Turner's inquiries. If Turner wants to secure Edge's and Waterman's testimony at trial, he must serve them with subpoenas, by mail, on defendants' counsel.

Turner has also filed petitions requesting writs of habeas corpus ad testificandum for five inmate witnesses: Dion Mathews (WSPF), Mical Thomas (WSPF), Byron Stewart (WSPF), Tingia Wheeler (Waupun), and G'esa Kalafi (Waupun). Turner also requested a writ for Daniel Mitchell, but according to DOC's inmate records, Mitchell was released from prison on September 3, 2019. So his request for a writ for Mitchell will be denied.

I will also deny Turner's request for a writ for Kalafi, because Turner has failed to identify any testimony that Kalafi could provide that would be relevant or admissible to Turner's claims. Kalafi submitted a declaration describing his proposed testimony, Dkt. 82, but Kalafi describes only his personal experience of being retaliated against by DOC officials, and by defendant Lebbeus Brown in particular. Kalafi's proposed testimony would be inadmissible character evidence under Rule 404(b) of the Federal Rules of Evidence. Under that rule, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." In this instance, Turner would be using Kalafi's testimony about Brown's alleged history of retaliation to argue that Brown likely retaliated against Turner as well. Because such evidence is prohibited, I will not issue a writ for Kalafi to appear at trial.

The other inmates, Stewart, Thomas, Wheeler and Mathews, submitted affidavits showing that they will provide testimony that is admissible, relevant, and material to Turner's claims. I will grant Turner's requests for writs for these inmates unless defendants identify a persuasive reason not to. Defendants have not yet had an opportunity to respond to Turner's request for writs, and it is possible that they will object on the ground that it would be a significant burden for DOC to transport four inmates and Turner to Madison for trial. I am usually sympathetic to such concerns, so long as defendants can ensure that the inmate witnesses will be able to testify at trial via a high-quality video conference. Defendants can satisfy this obligation by identifying a point-person at the relevant institution who will ensure that the video conferencing technology is functioning properly, including the audio and visual components, and that that the inmate witness is available and ready at the appropriate time. If defendants' fail to respond by the date set forth below, I will grant the writs and the DOC will need to arrange for each inmate witness to be transported to Madison for trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Glenn Turner's motion to compel, Dkt. 69, is DENIED, as set forth above.

2. Plaintiff's petition for a writ of habeas corpus ad testificandum for inmate G'esa Kalafi, Dkt. 81, is DENIED.

3. Plaintiff's petition for a writ of habeas corpus ad testificandum for Daniel Mitchell, Dkt. 76, is DENIED.

4. Defendants may have until September 20, 2019 to respond to plaintiff's petitions for writs of habeas corpus ad testificandum for inmates Dion Mathews, Mical Thomas, Byron Stewart and Tingia Wheeler.

Entered September 16, 2019.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge