IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────

GLENN T. TURNER,

                         Plaintiff,
    v.                                               OPINION and ORDER

LEBBEUS BROWN, HEIDI BLOYER,                  17-cv-764-jdp
JULIE BULMANN, and ZACHARY BERGER,

                         Defendants.
───────────────────────────────────────────

      Plaintiff Glenn Turner alleges that defendants Lebbeus Brown, Heidi Bloyer, Julie Bulmann, and Zachary Berger, security staff at Wisconsin Secure Program Facility, retaliated against him and acted with deliberate indifference to his serious asthma condition by confiscating his inhaler and then ignoring his requests for help during an asthma attack. He also alleges that Brown intentionally impeded Turner's progress through the High Risk Offender Program in retaliation for Turner's numerous grievances, lawsuits, and other efforts to advocate for better prison conditions. Trial is scheduled for October 15, 2019. Before the court are the parties' motions in limine and Turner's motions for writs of habeas corpus ad testificandum for inmate witnesses. I resolve the motions as discussed below.

ANALYSIS

A. Motions in limine

    1. Turner's motions in limine

      Turner filed three motions. Dkt. 83. First, he seeks an order prohibiting defendants from introducing evidence or argument that Turner is involved in a gang or "security threat group." Turner argues that defendants never relied on his gang affiliation when evaluating his

progress through the High Risk Offender Program, so they should not be permitted to argue now that his gang affiliation is the reason he was removed from the program. I am denying this motion. According to defendants, Turner was removed from HROP because he received a conduct report for gang activity. Turner may argue that he was not involved in gang activity or that the conduct report was false or retaliatory, but evidence about Turner's involvement and his removal from HROP is relevant to Turner's claims.

Second, Turner seeks an order prohibiting defendants from introducing evidence or argument that the inhaler confiscated from Turner's cell belonged to another inmate. Turner argues that defendants have never provided any evidence, besides their own say-so, that the inhaler had another inmate's name on it. I am denying this motion. Defendants have never submitted documentary evidence showing that the inhaler confiscated from Turner's cell had another inmate's name on it, but defendants have stated throughout this lawsuit that the inhaler was confiscated because it belonged to another inmate. So defendants Bulmann and Bloyer may testify that they saw another inmate's name on the inhaler. But defendants may not introduce any evidence about whose name was on the inhaler unless they disclosed that evidence to Turner during discovery.

Third, Turner seeks an order prohibiting defendants from testifying that the inhaler he received on August 5, 2016, was issued as an automatic renewal. Turner argues that the inhaler was issued to replace the inhaler that had been confiscated on July 31, 2016, while defendants assert that Turner would have received the new inhaler regardless of his assertions that his old inhaler was missing. Both sides present plausible interpretations of the medical records to explain why Turner received a new inhaler. This is a dispute that must be sorted out by the jury, so I will deny this motion.

2.  **Defendants' motions in limine**

Defendants filed four motions in limine. Dkt. 94. First, defendants seek to exclude testimony or evidence about other legal proceedings involving defendants, inmate grievances against defendants except those from plaintiff related to this case, and defendants' work personnel file. I will grant this motion in part and deny it in part. I see no reason why defendants' work personnel file would be relevant to this case, and Turner has not identified one, so I will grant the motion to preclude that evidence. I will also grant the motion to preclude evidence regarding grievances and lawsuits involving defendants that Turner was not involved with, because such grievances and lawsuits are irrelevant to Turner's claims and would be distracting to the jury. But Turner will be permitted to introduce evidence that he has filed grievances and lawsuits against defendants or other prison officials and the subject matter of those grievances or lawsuits. He may also introduce evidence showing that defendants were aware of his grievances and lawsuits. Such evidence is highly relevant to Turner's claims that defendants retaliated against him for grievances and lawsuits that he had filed complaining about prison conditions.

Defendants' second motion is related to the first. Defendants seek to preclude plaintiff from presenting evidence or testimony about other lawsuits against the Department of Corrections or its current and former employees. I will resolve this motion in the same way as the previous one. Turner may introduce testimony and evidence about lawsuits he was involved with and about which defendants were aware, as such evidence is relevant to his retaliation claims. Turner may not introduce evidence about lawsuits or grievances filed by other prisoners that he was not involved in, nor may be present testimony about alleged acts of retaliation taken against other prisoners for their litigation.

Third, defendants seek to preclude Turner from introducing hearsay statements from other inmates. Because defendants do not identify any specific statements that they think should be excluded, I will deny this motion. I intend to enforce the Federal Rules of Evidence, but if defendants think specific statements should be excluded in advance of trial, they must identify those statements.

Fourth, defendants seek permission to ask Turner and his witnesses about their criminal convictions during cross examination. As for Turner in particular, defendants seek to introduce his 1992 conviction for first-degree intentional homicide, for which he received a life sentence. Under Rule 609(a) and (b), Turner's 1992 conviction is admissible unless the probative value of the evidence would be substantially outweighed by the danger of unfair prejudice. Defendants argue that the nature of Turner's conviction is relevant to his credibility and his custodial status. But their arguments are not persuasive. Turner's homicide conviction from more than 25 years ago is not particularly probative of his character for truthfulness, and revealing the nature of the conviction to the jury would be highly prejudicial. In addition, although defendants suggest that Turner's conviction was relevant to his placement and progress in HROP, the documentary evidence does not support their position. Turner was placed in HROP despite his homicide conviction, and nothing in his progress reports or the conduct report removing him from HROP identifies his homicide conviction as the reason for his demotion or removal from the program. Therefore, defendants may ask Turner whether he is serving a sentence for a felony conviction, but they may not ask him about the nature of the conviction or elicit any details about the conviction. Defendants should redact any reference to the homicide conviction from the exhibits they intend to use at trial.

## B. Turner's petitions for writs of habeas corpus ad testificandum

Turner filed petitions requesting writs of habeas corpus ad testificandum for five inmate witnesses: Dion Mathews (WSPF), Mical Thomas (WSPF), Byron Stewart (WSPF), Tingia Wheeler (Waupun), and G'esa Kalafi (Waupun). In a previous order, I denied Turner's request to bring Kalafi to trial, concluding that Kalafi's proposed testimony was either irrelevant or would be inadmissible character evidence. I gave defendants the opportunity to object to Turner's requests as to the other inmate witnesses and in particular, I raised concerns about the administrative and security burden of transporting several inmates to Madison for trial.

Defendants have responded to Turner's requested writs, stating that they do not object to Byron Stewart's testimony. But defendants object to testimony from Dion Matthews, Tingia Wheeler, and Mical Thomas, on the ground that these inmates' proposed testimony is either irrelevant or is inadmissible hearsay. I disagree. Matthews states that defendant Brown threatened him with segregation and conduct reports because Matthews assisted Turner with litigation challenging prison conditions. Matthews Decl., Dkt. 23, ¶¶ 6–8. This testimony is relevant to Turner's claim that Brown resented Turner's litigious activity and retaliated against him because of it.

Similarly, Wheeler states that he and Turner were preparing a lawsuit against Brown to challenge Brown's retaliatory actions and long-term solitary confinement, but that Brown told Wheeler that as long as he "remained associated with Turner," he would remain in segregation. Wheeler Decl., Dkt. 79, ¶ 10. Wheeler also states that he saw Brown remove Turner's name from the enrollment list for programming that Turner needed to progress through HROP. *Id.* at ¶ 9. Finally, Thomas states that he was planning on filing a class action lawsuit with Turner about the psychological effects of long-term solitary confinement, but that Brown

5

threatened him, stating that if Thomas continued to file group complaints with Turner, they would both remain in restrictive housing. Thomas Decl., Dkt. 79, ¶¶ 10–11. This testimony is relevant to Turner's retaliation claims and is not inadmissible hearsay, because the inmates would be repeating statements made by Brown, who is a party.

Defendants identify no other reason why these defendants should not be transported to Madison for trial. Therefore, defendants have identified no legitimate reason for precluding the testimony from Stewart, Matthews, Wheeler, or Thomas. I will grant Turner's requested writs for these inmates' appearance at trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Glenn T. Turner's motion in limine, Dkt. 83, is DENIED.

2. Defendants' motion in limine, Dkt. 94, is GRANTED IN PART and DENIED IN PART, as set forth above.

3. Plaintiff's petitions for writs of habeas corpus ad testificandum for inmates Byron Stewart, Dion Matthews, Tingia Wheeler, and Mical Thomas, Dkt. 78, are GRANTED. The clerk of court shall issue writs of habeas corpus ad testificandum for each inmate's appearance at trial on October 15, 2019. The inmate witnesses should arrive at the courthouse no later than 10:00 a.m.

Entered September 24, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge