IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                 Plaintiff,

v.                                                                              ORDER

LEBBEUS BROWN, HEIDI BLOYER,                        17-cv-764-jdp
JULIE BULMANN, and ZACHARY BERGER,

                 Defendants.

---

Plaintiff Glenn Turner has filed a motion requesting that the court provide him free copies of the trial transcript and docket sheet in this case. Dkt. 124. He says that he needs to review the transcript to prepare post-trial motions and that has no money to pay the court reporter for a transcript. Turner does not cite any authority in support of his request, but he does state that he is indigent. Unfortunately, Turner's indigent status does not entitle him to transcripts at public expense.

Parties who request a transcript generally must pay a fee to the court reporter. 28 U.S.C. § 753(f). There is a narrow exception to the requirement for payment when a party who is proceeding in forma pauperis under 28 U.S.C. § 1915 needs transcripts for an appeal. *Id.* But I am aware of no statute or rule that gives a party the right to request a free transcript for proceedings in the district court. The Supreme Court has stated that, in the context of determining when transcripts should be provided for indigent litigants, "the expenditure of public funds is proper only when authorized by Congress." *United States v. MacCollom*, 426 U.S. 317, 321 (1976). Neither § 1915, nor § 753, reflect a congressional directive that a trial transcript be provided to litigants for post-trial motions. Therefore, I will deny Turner's request for free transcripts at this time. *See Reid v. Charlotte-Mecklenburg Bd. of Educ.*, No.

314CV66FDWDSC, 2016 WL 4084039, at *6 (W.D.N.C. July 29, 2016) (denying request for free transcripts to prepare post-trial motions on ground that district court had no authority to grant the request); *Jacobs v. Delano*, No. 07-237, 2014 WL 2214219, at *1 (W.D. Pa. May 28, 2014) (same).

Turner should be aware that if intends to file a post-trial motion under Rule 59 of the Federal Rules of Civil Procedure, there are strict deadlines that the court cannot alter. If Turner does file a post-trial motion, I will have access to an unofficial, rough draft version of the trial transcript so that I can review trial testimony or argument relevant to Turner's motion. In addition, if Turner decides to appeal and is granted leave to proceed in forma pauperis on appeal, he may request a free transcript under § 753(f) at that time.

Turner also requests that he be provided a copy of the docket sheet and a docketing statement. The clerk's office has provided Turner a free copy of the docket sheet. Turner must prepare a docketing statement on his own, but I will direct the clerk's office to provide Turner with a template that he can use as a reference in drafting his own docketing statement.

ORDER

IT IS ORDERED that plaintiff Glenn T. Turner's motion requesting copies of the trial transcript at public expense, Dkt. 124, is DENIED. The clerk's office is directed to provide Turner a template that he may follow in preparing a docketing statement.

Entered October 30, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge